IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FULCRUM ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| Successor by Merger to BAC | § | |
| HOME LOANS SERVICING, LP | § | CIVIL ACTION NO. H-13-1930 |
| f/k/a COUNTRYWIDE HOME LOANS | § | |
| SERVICING, LP; MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC.; and FEDERAL | § | |
| NATIONAL MORTGAGE ASSOCIATION | § | |
| a/k/a FANNIE MAE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fulcrum Enterprises, LLC ("Fulcrum") brought this action against defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing, LP ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants") in the 400th Judicial District Court of Fort Bend County, Texas, where it was filed under Cause No. 13-DCV-207036.  Defendants removed the action to this court.  Pending before the court is Defendants' Motion for Summary Judgment (Docket Entry No. 16).  For the reasons explained below, Defendants' Motion for Summary Judgment will be granted.

## I.   Factual and Procedural Background

On April 10, 2003, Glenn Lewis and Barbara Lewis executed a Deed of Trust on their property to secure Beazer Mortgage Corporation ("Beazer") on a $156,000 purchase money promissory note.[1]   The Deed of Trust identified Beazer as the Lender and MERS as "the beneficiary under this Security Instrument" who was "acting solely as a nominee for Lender and Lender's successors and assigns."[2]   Beazer assigned the Note and Deed of Trust to American Brokers Conduit the same day.[3]   The Deed of Trust and the assignment were recorded in the Official Public Records of Fort Bend County, Texas, on April 16, 2003.[4]   The loan eventually fell into default in late 2009.[5]

---

[1]Deed of Trust, Exhibit 1 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Memorandum in Support Thereof ("Response"), Docket Entry No. 19-3, pp. 2-4, 12-13; see also Note, Exhibit A-1 to Defendants' Motion for Summary Judgment, Docket Entry No. 16-2.   (Page citations are to the pagination imprinted at the top of the page by the federal court's electronic filing system.)

[2]Deed of Trust, Exhibit 1 to Response, Docket Entry No. 19-3, p. 2; see also id. at 4.

[3]Assignment of Lien, Exhibit 2 to Plaintiff's First Amended Original Complaint Request For a Permanent Injunction and Jury Demand ("Amended Complaint"), Docket Entry No. 10-2.

[4]Id. at 3; Deed of Trust, Exhibit 1 to Response, Docket Entry No. 19-3, p. 15.

[5]Declaration of Nicole Bensend in Support of Motion for Summary Judgment, attached to Defendants' Motion for Summary Judgment, Docket Entry No. 16-1, p. 2 ¶ 6.   Fulcrum has not argued, and has produced no evidence to suggest, that the loan did not fall into default in late 2009.

Fulcrum purchased the Lewis's property at a trustees sale conducted by the Lake Olympia Civic Association and received a Trustee's Deed dated June 13, 2011.[6]   The Trustee's Deed stated that the sale was "where-is, as-is, with no representations or warranties, taken subject to superior liens, if any."[7]   Fulcrum subsequently leased the property to Innocent A. Akani and Ruth C. Akani on October 2, 2011.[8]   The lease was to run from October 17, 2011, to April 30, 2012, and would automatically renew on a month-to-month basis thereafter.[9]

On June 5, 2012, MERS assigned the Note and Deed of Trust to Bank of America.[10]   The assignment was recorded in the Official Public Records of Fort Bend County, Texas, on June 7, 2012.[11]   On or about March 12, 2013, a notice was posted indicating that the

---

[6]Trustee's Deed, Exhibit 3 to Amended Complaint, Docket Entry No. 10-3.

[7]Id. at 3.

[8]Residential Lease, Exhibit 4 to Amended Complaint, Docket Entry No. 10-4, p. 15.   Fulcrum alleges in its Amended Complaint and its Response that it leased the property on October 11, 2011. Amended Complaint, Docket Entry No. 10, p. 8 ¶ 26; Response, Docket Entry No. 19, p. 11 ¶ 22.   However, the lease was signed on October 2, 2011, with a commencement date of October 17, 2011. Residential Lease, Exhibit 4 to Amended Complaint, Docket Entry No. 10-4, pp. 2, 15.   The date referenced in Fulcrum's pleadings does not appear anywhere in the lease attached to the Amended Complaint.   See id. at 2-15.

[9]Residential Lease, Exhibit 4 to Amended Complaint, Docket Entry No. 10-4, p. 2.

[10]Assignment of Deed of Trust, Exhibit A-3 to Defendants' Motion for Summary Judgment, Docket Entry No. 16-4.

[11]Id.

-3-

property would be sold at a substitute trustee's sale on April 2, 2013.[12]

On April 2, 2013, the property was sold to Fannie Mae for $205,953.55.[13]  The Substitute Trustee's Deed identified MERS as the Original Mortgagee and Bank of America as the Current Mortgagee and the Mortgage Servicer.[14]  On April 29, 2013, Fannie Mae sent the Akanis a notice to vacate the property.[15]

Fannie Mae subsequently initiated forcible detainer proceedings in Justice of the Peace Court, Precinct No. 4, of Fort Bend County, Texas.  An Eviction Citation was issued on May 7, 2013, commanding the Akanis to appear for trial on May 23, 2013.[16] The Akanis were served with the citation on May 13, 2013.[17]   On

---

[12]Amended Complaint, Docket Entry No. 10, p. 9 ¶ 28; Notice of Substitute Trustee's Sale, Exhibit 6 to Amended Complaint, Docket Entry No. 10-6.

[13]Substitute Trustee's Deed, Exhibit A-4 to Defendants' Motion for Summary Judgment, Docket Entry No. 16-5.

[14]Id.

[15]Notice to Vacate, Exhibit 8 to Amended Complaint, Docket Entry No. 10-8.

[16]Eviction Citation, Exhibit 10 to Amended Complaint, Docket Entry No. 10-10.

[17]Id.  In a letter addressed to Fannie Mae's foreclosure counsel dated May 22, 2013, Fulcrum's counsel asserted that "[t]he detainer action . . . scheduled for Thursday May 23, 2013 violates the Protecting Tenants at Foreclosure Act."  May 22, 2013, Letter from G.P. Matherne to Barrett Daffin Frappier Turner & Engel, LLP, Exhibit 9 to Amended Complaint, Docket Entry No. 10-9.  Although the letter does not indicate whether counsel was acting on behalf
(continued...)

-4-

May 23, 2013, Fannie Mae obtained a Judgment adjudging that it was "entitled to possession of the premises" and ordering that it "have restitution, for which let writ issue, of the premises."[18]

On June 11, 2013, Fulcrum brought this action in the 400th Judicial District Court of Fort Bend County, Texas, where it was filed under Cause No. 13-DCV-207036.[19]   Defendants filed their Notice of Removal on July 2, 2013.[20]   On July 9, 2013, Defendants filed a motion to dismiss.[21]   Fulcrum responded on July 29, 2013, and sought leave to file an amended complaint.[22]   In an Order dated August 13, 2013, the court granted Fulcrum's motion for leave to file an amended complaint.[23]   On September 6, 2013, Fulcrum filed

---

[17](...continued)
of Fulcrum or the Akanis, the Amended Complaint states that counsel sent the letter on behalf of Fulcrum.  Amended Complaint, Docket Entry No. 10, p. 10 ¶ 32.  Fulcrum also states that it attempted to provide the letter via facsimile but was unable to do so.  Id.

[18]Judgment, Exhibit A-5 to Defendants' Motion for Summary Judgment, Docket Entry No. 16-6.

[19]Plaintiff's Original Petition for Declaratory Judgment, Application for Temporary Restraining Order & Request for Disclosure, Exhibit A to Defendants' Notice of Removal, Docket Entry No. 1-1, p. 5.

[20]Defendants' Notice of Removal, Docket Entry No. 1.

[21]Defendants' Motion to Dismiss, Docket Entry No. 3.

[22]Plaintiff's Response to Defendants' Motion to Dismiss Including Its Brief in Support Thereof and Motion for Leave to File an Amended Complaint, Docket Entry No. 7.

[23]Order, Docket Entry No. 9.

its Amended Complaint.[24]   Defendants filed an answer on September 23, 2013.[25]

Defendants filed the pending Motion for Summary Judgment on December 23, 2013.[26]  On February 21, 2014, noting that Fulcrum had not filed a response, the court entered an Order requiring Fulcrum to respond to the pending motion by March 10, 2014.[27]  Fulcrum filed its Response on March 10, 2014.[28]  Defendants filed their reply on March 21, 2014.[29]

## II.  **Standard of Review**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing

---

[24]Amended Complaint, Docket Entry No. 10.

[25]Defendants' Answer to Plaintiff's Amended Complaint, Docket Entry No. 11.

[26]Defendants' Motion for Summary Judgment, Docket Entry No. 16.

[27]Order, Docket Entry No. 17.

[28]Response, Docket Entry No. 19.

[29]Defendants' Reply to Plaintiff's Summary Judgment Response ("Reply"), Docket Entry No. 20.

on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

-7-

### III.  Analysis

In addition to seeking declaratory and injunctive relief, Fulcrum alleges four causes of action in its Amended Complaint: (1) wrongful foreclosure, (2) violations of § 12.002 of the Texas Civil Practice and Remedies Code, (3) violations of the Protecting Tenants at Foreclosure Act ("PTFA"), and (4) quiet title.[30]

### A.   Fulcrum's Claim for Wrongful Foreclosure

"Texas law requires that a plaintiff bringing a wrongful foreclosure claim show that there was (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." Waltner v. Aurora Loan Servs., L.L.C., No. 12-50929, 2013 WL 6858124, at *6 (5th Cir. Dec. 31, 2013) (citing Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726 (5th Cir. 2013)).  Fulcrum argues that it may assert a claim for wrongful foreclosure on the basis of a lack of "contractual standing" by the party seeking to foreclose.[31] Although Fulcrum acknowledges that under Texas Law MERS may "serve as an agent and nominee for lenders so that it [can] oversee and conduct foreclosures,"[32] it argues that MERS lacked authority to

---

[30]Amended Complaint, Docket Entry No. 10, pp. 17–33 ¶¶ 47–76.

[31]Id. at 17 ¶ 49.

[32]Id. at 21 ¶ 58.

-8-

assign the Note and Deed of Trust to Bank of America.[33]
Specifically, Fulcrum argues that "there are no situations that
would allow a reasonable deduction that because MERS may have been
Beazer/American Brokers Conduit's nominee, Beazer/American Broker's
Conduit ipso facto had agreed that MERS has a contractual right to
assign its interest in the Lewis Deed of Trust and Note to [Bank of
America]."[34]

The record contradicts Fulcrum's argument. The Deed of Trust
specifically states under the heading "TRANSFER OF RIGHTS IN THE
PROPERTY" that "[t]he beneficiary under this Security Instrument is
MERS (solely as nominee for Lender and Lender's successors and
assigns) and the successors and assigns of MERS."[35] Thus, the Deed
of Trust, by acknowledging that MERS may have "successors and
assigns," implicitly recognizes the authority of MERS to assign its
interests to another party. Moreover, "'Texas recognizes assign-
ment of mortgages through MERS and its equivalents as valid and
enforceable.'" Singha v. BAC Home Loans Servicing, L.P.,
No. 13-40061, 2014 WL 1492301, at *2 (5th Cir. Apr. 17, 2014)
(quoting Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249,
253 (5th Cir. 2013)).

---

[33]Id. at 22-23 ¶¶ 59-62.

[34]Id. at 23 ¶ 61.

[35]Deed of Trust, Exhibit 1 to Response, Docket Entry No. 19-3,
p. 4.

The Deed of Trust further states that MERS holds "legal title to the interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property."[36]   MERS validly assigned these rights to Bank of America.[37]   Cf. id. ("Here, MERS was an original beneficiary of the deed of trust.   MERS, then, had the right to and did assign its interest in that instrument to BAC."); Fowler v. U.S. Bank, Nat. Ass'n, No. H-13-3241, 2014 WL 850527, at *15 (S.D. Tex. Mar. 4, 2014).

In addition, for the reasons explained in several prior opinions of this court, Fulcrum lacks standing to challenge the validity of the assignment based on the assignor's alleged lack of authority.[38]   See Van Duzer v. U.S. Bank Nat. Ass'n, No. H-13-1398, 2014 WL 357878, at *8 (S.D. Tex. Jan. 31, 2014); Felder v. Countrywide Home Loans, No. H-13-0282, 2013 WL 6805843, at *18

---

[36]Id.

[37]Assignment of Deed of Trust, Exhibit A-3 to Defendants' Motion for Summary Judgment, Docket Entry No. 16-4.

[38]Fulcrum attempts to avoid the reasoning of these opinions and establish standing by arguing that MERS' alleged lack of authority renders the assignment void rather than voidable.   This argument has no merit.   See Jimenez v. Deutsche Bank Nat. Trust Co., No. 13-50403, 2014 WL 241893, at *1 (5th Cir. Jan. 23, 2014) (rejecting the argument that a homeowner has standing to challenge an allegedly forged assignment executed by an unauthorized agent); see also Singha, 2014 WL 1492301, at *3; Golden, 2014 WL 64459, at *2; Reinagel, 735 F.3d at 227.

-10-

(S.D. Tex. Dec. 20, 2013); <u>Morlock, L.L.C. v. JPMorgan Chase Bank,</u>
<u>N.A.</u>, No. H-13-0734, 2013 WL 5781240, at *13 (S.D. Tex. Oct. 25,
2013); <u>see also</u> <u>Golden v. Wells Fargo Bank, N.A.</u>, No. 13-50158,
2014 WL 644549, at *2 (5th Cir. Feb. 20, 2014) ("[U]nder Texas law,
facially valid assignments cannot be challenged by want of
authority except by the defrauded assignor." (quoting <u>Reinagel v.</u>
<u>Deutsche Bank Nat'l Trust Co.</u>, 735 F.3d 220, 228 (5th Cir. 2013))).

The summary judgment evidence before the court includes a
facially valid assignment[39] under which "the transfer is presump-
tively valid and contradicting evidence 'must be clear, cogent, and
convincing beyond reasonable controversy.'" <u>Morlock, L.L.C. v. JP</u>
<u>Morgan Chase Bank, N.A.</u>, No. 12-20623, 2013 WL 2422778, at *2 (5th
Cir. June 4, 2013) (quoting <u>Ruiz v. Stewart Mineral Corp.</u>, 202
S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)). Fulcrum has
failed to produce any contradictory evidence that meets this
standard. Nor has Fulcrum produced any evidence of a grossly
inadequate selling price.[40] The court therefore concludes that

---

[39]Assignment of Deed of Trust, Exhibit A-3 to Defendants'
Motion for Summary Judgment, Docket Entry No. 16-4.

[40]Defendants have produced a printed report from the Fort Bend
Central Appraisal District's website showing the appraised value of
the property at $180,820. Fort Bend Appraisal District Property
Detail Sheet, Exhibit B to Notice of Removal, Docket Entry No. 1-3,
p. 2. The property was sold to Fannie Mae for $205,953.55.
Substitute Trustee's Deed, Exhibit 7 to Amended Complaint, Docket
Entry No. 10-7. This was not grossly inadequate. <u>Cf.</u> <u>Martins</u>, 722
F.3d at 256; <u>Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n</u>,
509 F. App'x 367, 369 (5th Cir. 2013).

Defendants are entitled to judgment as a matter of law on Fulcrum's claim for wrongful foreclosure.

**B.    Fulcrum's Claims Under § 12.002 of the Texas Civil Practice and Remedies Code**

A claim under Section 12.002(a) has three elements:

> [T]he defendant (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

Golden, 2014 WL 644549, at *3 (quoting Henning v. OneWest Bank FSB, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.)) (internal quotation marks omitted).   Fulcrum argues that MERS and Bank of America violated § 12.002 of the Texas Civil Practice and Remedies Code by "making[,] presenting[,] or using a document or other record with knowledge that the document or other record is [a] fraudulent court record or a fraudulent lien or claim against real property or an interest in real property."[41]   The documents that Fulcrum alleges to be fraudulent are the Deed of Trust and the Assignment to Bank of America.[42]

Fulcrum's claim as to the Assignment rests on the allegation that MERS lacked authority to execute the Assignment.   As explained

---

[41]Amended Complaint, Docket Entry No. 10, p. 24 ¶ 64, p. 27 ¶ 65.

[42]Id. at 24–28 ¶¶ 64–65; Response, Docket Entry No. 19, pp. 31–33 ¶¶ 74–78.

above, MERS had authority under the Deed of Trust to execute the Assignment, Fulcrum lacks standing to challenge the Assignment on the basis of any alleged lack of authority, and Fulcrum has failed to produce any evidence impugning the Assignment's validity. Accordingly, Fulcrum's § 12.002(a) claims regarding the Assignment must fail. See Johnlewis v. U.S. Bank, Nat. Ass'n, No. H-12-3360, 2013 WL 5304050, at *5 (S.D. Tex. Sept. 20, 2013) (holding that a claim under § 12.002(a) based "on the allegation that MERS lacked authority to execute the Assignment" had "'no basis in law or fact'" (quoting Tex. R. Civ. P. 91a.1)); Vickery v. Wells Fargo Bank, N.A., No. G-11-0243, 2013 WL 321662, at *9 (S.D. Tex. Jan. 28, 2013) (holding that because the plaintiff lacked standing to challenge the relevant assignment, "she cannot, as a matter of law, maintain a claim for violations of § 12.002 of the Texas Civil Practice and Remedies Code"); Williams v. Bank of New York Mellon Trust Co., N.A., No. H-11-03139, 2012 WL 1425127, at *3 (S.D. Tex. Apr. 24, 2012) (holding that a plaintiff's "conclusory allegation of fraud under section 12.002 of the Texas Civil Practice and Remedies Code" failed to state a claim when based on an assignment that "was notarized, filed, and recorded in the Fort Bend County Clerk's office, bear[ing] no indicia of fraud").

Fulcrum has likewise failed to present any evidence to impugn the validity of the Deed of Trust. Cf. Kiggundu v. Mortgage Elec. Registration Sys., Inc., No. 4:11-1068, 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011) ("Defendants have presented summary

judgment evidence that the Note and Deed of Trust on the subject property are valid, and Plaintiff has presented no competent evidence to the contrary.  Summary judgment therefore is granted for Defendants on Plaintiff's § 12.002 claim."), aff'd, 469 F. App'x 330 (5th Cir. 2012).  Moreover, with regard to both the Assignment and the Deed of Trust Fulcrum has failed to present any evidence that Defendants intended to cause it any injury.  Cf. Golden, 2014 WL 644549, at *3 ("[Plaintiffs] have not alleged any facts showing that their property would not be subject to foreclosure, even absent the assignment . . . .  Therefore, they have failed to state a claim under Section 12.002.").

Fulcrum relies heavily on the reasoning in Nueces County, Texas v. MERSCORP Holdings, Inc., No. 2:12-CV-00131, 2013 WL 3353948 (S.D. Tex. July 3, 2013), to argue that a genuine dispute of material fact exists regarding the issue of whether the identification of MERS as "beneficiary" in the Deed of Trust constitutes a false representation for purposes of § 12.002.[43] However, the court in Nueces County expressly found that the plaintiffs in that case had adequately established the intent-to-harm element of a cause of action under § 12.002.  See id. at *8-9. Fulcrum has failed to do so here.[44]  Accordingly, Defendants are

---

[43]See Amended Complaint, Docket Entry No. 10, pp. 12-24 ¶¶ 39-63; Response, Docket Entry No. 19, pp. 22-33 ¶¶ 56-78.

[44]Fulcrum argues that Defendants have not produced any evidence "that negates the existence of a material element of [Fulcrum's] (continued...)

entitled to judgment as a matter of law on Fulcrum's claims under § 12.002 of the Texas Civil Practice and Remedies Code.

**C.   Fulcrum's Claims Under the PTFA**

It is unclear from Fulcrum's Response whether it has abandoned its claims under the PTFA.[45] See Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (codified as amended at 12 U.S.C. § 5220 note). Nevertheless, the court concludes that this claim fails as a matter of law because the PTFA does not provide Fulcrum with a private right of action. See Mik v. Fed. Nat'l Mortg. Corp., 743 F.3d 149, 157-60 (6th Cir. 2014); Bey v. PEF Capital Properties, LLC, No. 3:12-CV-2371-L, 2013 WL 2094100, at *2 (N.D. Tex. May 15, 2013); Smith v. Bank of Am., N.A., No. 2:11CV120-MPM-JMV, 2012 WL 4320845, at *9 (N.D. Miss.

---

[44] (...continued)
claims." Response, Docket Entry No. 19, pp. 6-7 ¶ 7. However, while Defendants "must 'demonstrate the absence of a genuine issue of material fact,'" they "need not negate the elements of the nonmovant's case." Little, 37 F.3d at 1075 (quoting Celotex, 106 S. Ct. at 2553). Fulcrum also argues that "no summary judgment evidence was submitted by Defendants." Response, Docket Entry No. 19, pp. 6-7 ¶ 7; see also id. at 33 ¶ 78. On the contrary, Defendants have produced competent summary judgment evidence in addition to citing relevant evidence already contained in the record. See Declaration of Nicole Bensend in Support of Motion for Summary Judgment, attached to Defendants' Motion for Summary Judgment, Docket Entry No. 16-1, p. 1 ¶ 4; Exhibits A-C to Defendants' Motion for Summary Judgment, Docket Entry Nos. 16-2 to 16-8. Not only has Fulcrum failed to impugn the authenticity of any evidence produced by Defendants, much of the evidence produced is also attached to Fulcrum's Amended Complaint. See Exhibits 1-10 to Amended Complaint, Docket Entry Nos. 10-1 to 10-10.

[45] See Response, Docket Entry No. 19, p. 34 ¶ 79.

Sept. 20, 2012); <u>Zalemba v. HSBC Bank, USA, Nat. Ass'n.</u>,
No. 10-CV-1646 BEN (BLM), 2010 WL 3894577, at *1-4 (S.D. Cal.
Oct. 1, 2010); <u>Patriot Bank v. Monroe</u>, No. 4:11CV626, 2011
WL 5105755, at *1 (E.D. Tex. Oct. 27, 2011); <u>Nativi v. Deutsche
Bank Nat. Trust Co.</u>, No. 09-06096-PVT, 2010 WL 2179885, at *4 (N.D.
Cal. May 26, 2010). The proper forum to invoke the PTFA would have
been in the state court forcible detainer proceedings as a defense
to eviction.[46] <u>See Mik</u>, 743 F.3d at 165-66; <u>Blue Mountain Homes,
LCC v. Short</u>, No. 2:13-CV-0913-TLN-KJN, 2013 WL 1966224, at *2-3
(E.D. Cal. May 10, 2013); <u>Wells Fargo Bank v. Lapeen</u>,

---

[46]Fulcrum contends in its Amended Complaint that "Fannie Mae
wrongfully evicted [its] Tenant thereby causing [it] to lose
revenue." Amended Complaint, Docket Entry No. 10, p. 2 ¶ 4.
Violations of the PTFA can be used to support a claim for wrongful
eviction. <u>See Mik</u>, 743 F.3d at 167-68. However, Fulcrum has not
produced any evidence to suggest that it, rather than Fannie Mae,
was entitled to receive any payments under the lease after Fannie
Mae purchased the property at a valid foreclosure sale. <u>See
Ezennia v. Wells Fargo Bank, N.A.</u>, No. H-10-5004, 2012 WL 1556170,
at *8 (S.D. Tex. Apr. 27, 2012) (identifying the elements of a
wrongful eviction action under Texas law); <u>Nativi v. Deutsche Bank
Nat'l Trust Co.</u>, 167 Cal. Rptr. 3d 173, 193 (Cal. Ct. App. 6th
Dist. 2014) ("[A] subordinate bona fide lease survives foreclosure
for the remainder of the term by operation of the [PTFA] regardless
of the state law to the contrary and, consequently, the bona fide
tenants under that lease and the immediate successor in interest in
the foreclosed property have a landlord-tenant relationship,
although the lease may be terminated as provided in the Act."); <u>cf.
Ford v. Cent. Loan Admin.</u>, No. 11-0017-WS-C, 2011 WL 4702912, at
n.12 (S.D. Ala. Oct. 5, 2011) (concluding that an allegation of
wrongful eviction under the PTFA did not support a landlord's
negligence claim against its successor in interest because such a
"contention does not show how [the successor in interest] breached
any duty owed to [the landlord] (as opposed to her tenants, who are
not named plaintiffs)"). Accordingly, to the extent that Fulcrum
has attempted to allege a cause of action for wrongful eviction,
Defendants are entitled to judgment on such claim as a matter of
law.

-16-

No. C-11-01932-LB, 2011 WL 2194117, at *2-4 (N.D. Cal. June 6, 2011); Wescom Credit Union v. Dudley, No. 10-8203-GAF-SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Accordingly, Defendants are entitled to judgment as a matter of law on Fulcrum's PTFA claims.

## D.  **Fulcrum's Quiet-Title Claim**

Fulcrum's quiet-title claim is based on its contention that the Deed of Trust and subsequent Assignment to Bank of America are invalid.[47] The court has addressed nearly identical quiet-title claims in several prior opinions. See Fowler, 2014 WL 850527,

---

[47]Fulcrum also alleges a defect in the foreclosure sale proceedings by suggesting that Fannie Mae, rather than Bank of America, was the seller as well as the buyer at the foreclosure sale. Response, Docket Entry No. 19, pp. 12-13 n.5. Fulcrum has produced no evidence to support its allegation and acknowledges that there is no evidence before the court or "in the public record" that would support it. Id. Fulcrum states that "[g]iven the court's permission, [it] would like to [support its allegation] through discovery." Id. However, Fulcrum has had ample opportunity to conduct discovery both before and after the filing of Defendants' Motion for Summary Judgment. The evidence before the court forecloses any inference in support of Fulcrum's allegations. Cf. Banks v. Bank of Am., N.A., No. A-13-CA-426-SS, 2014 WL 1342860, at *2 (W.D. Tex. Apr. 3, 2014) ("To the extent [Plaintiff] challenges the authenticity of the attached copy of the Note, he offers nothing other than attorney argument and speculation to support his claims. As the Fifth Circuit has explained, '[i]n Texas, existence of a note may be established by [a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note.'" (quoting Martins, 722 F.3d at 254)). The court therefore concludes that Fulcrum has failed to establish a genuine issue of material fact with regard to its allegation that "the owner of the note at the time of the foreclosure sale was Fannie Mae and not [Bank of America]." Response, Docket Entry No. 19, pp. 12-13 n.5.

at *12-13; <u>Van Duzer</u>, 2014 WL 357878, at *13-14; <u>Felder</u>, 2013 WL 6805843, at *20-21; <u>Morlock</u>, 2013 WL 5781240, at *10-11. For the reasons explained in those prior opinions, the court concludes that Defendants are entitled to judgment as a matter of law on Fulcrum's quiet-title claim.[48]

### IV.   Conclusions and Order

For the reasons explained above, the court concludes that Fulcrum has failed to establish a genuine issue of material fact for trial with regard to any of its alleged claims for relief. The court therefore concludes that, even when drawing all reasonable inferences in favor of Fulcrum, Defendants are entitled to judgment as a matter of law on all of Fulcrum's claims. Accordingly, Defendants' Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 25th day of April, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[48]Because the court has concluded that Defendants are entitled to judgment as a matter of law on all of Fulcrum's substantive causes of action, no basis remains for the declaratory and injunctive relief requested in the Amended Complaint. <u>See</u> <u>Morlock</u>, 2013 WL 5781240, at *10-14; <u>Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.</u>, No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012), <u>aff'd</u>, No. 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013). Defendants are therefore entitled to summary judgment on Fulcrum's claims for declaratory and injunctive relief.